# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LASHAWN WOOLRIDGE ) ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) ) | NO. _____ |
| v. ) ) | COMPLAINT |
| REAL PAGE, INC D/B/A ) LEASING DESK ) SCREENING ) ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2. Plaintiff Lashawn Woolridge, is an adult individual who resides in Smyrna, GA.

3. Defendant Real Page, Inc. d/b/a Leasing Desk Screening (here in after "Leasing Desk") regularly conducts business in the Northern District of Georgia. Defendant also does business as "Leasing Desk Screening" having acquired its assets in 2007. Defendant has a principle place of business located at 2201 Lakeside Blvd. Richardson, TX 75082.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

3. In or around December 2018, Plaintiff was attempting to secure housing at an apartment complex in Hapeville, GA named the Atlantic Aerotropolis Apartments ("AAA").

4. As part of the application to lease the apartment, AAA obtained a consumer report from Defendant.

5. Defendant's report contained derogatory and inaccurate information about Plaintiff.

6. The inaccurate information includes but is not limited to; an eviction record which does not belong to Plaintiff and which was reporting inaccurately without a disposition, when in fact the eviction was dismissed by Court Order on January 2, 2018 (hereafter "inaccurate information").

7. The inaccurate information does not belong to Plaintiff and was reporting inaccurately on her report by not being marked as dismissed.

8. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff and that of another individual and failed to update its public eviction

records to report that the eviction had been dismissed. Any rudimentary inspection of the public record would reveal the inaccuracies. Defendants failed to employ such a procedure.

9. Defendant has sold reports containing the inaccurate information to third parties since at least December 2018.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

11. As a result of the inaccurate report Defendant sold to AAA in December 2018, Plaintiff was denied housing.

12. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## PLAINTIFF v. DEFENDANT

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

18. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

21. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to

Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

22. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**SKAAR & FEAGLE, LLP**

By: */s/ Cliff R. Dorsen*
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Telephone: (404) 373-1970
Facsimile: (404) 601-1855

Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone: (770) 427-5600
Facsimile: (404) 601-1855

Alexis I. Lehmann, Esq.
(*pro hac vice* motion forthcoming)
FRANCIS & MAILMAN, P.C.
1600 Market Street, suite 2510
Philadelphia, PA 19103
P: (215) 735-8600
F: (215) 940-8000
alehmann@consumerlawfirm.com

*Attorneys for Plaintiff*

Dated: May 22, 2019